SALINGER v. MASON, Clerk of the Circuit Court, et al. †

(Circuit Court of Appeals, Eighth Circuit.    March 4, 1912.)

No 3,596.

**1. ATTORNEY AND CLIENT (§ 144*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.**

A proceeding to assess damages for the condemnation of certain land having been removed to the Circuit Court of the United States, the owner employed petitioners to conduct the case pursuant to a written contract entitled in the name of the proceeding, followed with the words "pending before" the judge of the Circuit Court, and reciting that as full compensation for all attorney's fees therein it was agreed that the landowner should pay actual expenses and one-half of what he might recover above $5,700. *Held*, that the contract was unambiguous, and covered compensation for all services, not only in the Circuit Court, but also on appeal to the Circuit Court of Appeals and to the Supreme Court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

**2. ATTORNEY AND CLIENT (§ 144*)—ATTORNEY'S FEES—COUNSEL FEES.**

Where a contract provided that, as full compensation for all attorney's fees in a certain proceeding, it was agreed that the client should pay actual expenses and one-half of what was recovered above $5,700, and the attorneys employed counsel to assist in the litigation, the counsel fees should have been charged to the attorneys, to be paid out of the attorney's fees payable under the contract, and no part thereof taxed against the client.

[Ed. Note.—For other cases, see Attorney and Client; Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

**3. ATTORNEY AND CLIENT (§ 192*)—ATTORNEY'S LIEN—ENFORCEMENT—PLEADING.**

Where a proceeding was instituted to enforce an attorney's lien on funds in the hands of the clerk of the court for the amount due the attorney, the court properly allowed only such sum as the attorney was shown by the proofs to be entitled to receive, regardless of the fact that the amount alleged to have been paid by the client was less than the actual amount paid.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Application by B. I. Salinger, individually and as surviving and managing partner of the firm of Salinger & Korte, to impose a lien on certain funds in the possession of Edward R. Mason, Clerk of the Circuit Court of the United States for the Southern District of Iowa, and others. From an adverse decree, petitioner appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied June 4, 1912.

L. H. Salinger (B. I. Salinger, on the brief), for appellant.

Edward P. Smith (Constantine J. Smyth, on the brief), for appellees.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. One Charles D. Boynton, a resident and citizen of St. Louis, Mo., was the owner of certain real property in the state of Iowa. The Mason City & Ft. Dodge Railway Company instituted certain proceedings of condemnation against said land, pursuant to the laws of Iowa. The sheriff's jury awarded Boynton $4,700 as his damages by reason of such condemnation. Boynton took an appeal from said award to the proper state court, and the case was removed to the Circuit Court of the United States for the Southern District of Iowa. Boynton employed the firm of Salinger & Korte as his attorneys to represent him in the conduct of said case. In April, 1904, Mr. Salinger went to St. Louis to confer with his client, Mr. Boynton, and a contract was there entered into between Salinger & Korte and Boynton, in words and figures as follows, to wit:

"St. Louis, April 27, 1904.

"In re Boynton v. Mason City & Fort Dodge Ry. Co., pending before Judge McPherson. As full compensation for all attorney's fees herein, it is agreed that C. D. Boynton shall pay actual expenses and one-half of what he may recover above $5,700.00.            [Signed]   Salinger & Korte.
                                          "C. D. Boynton."

Subsequently the case was tried to the court, Judge McPherson presiding; a jury being waived. The court found Boynton's damages to be $10,000, and rendered judgment therefor. The case was appealed to this court, and subsequently to the Supreme Court, and the judgment affirmed, whereupon the railroad company paid the amount of said judgment of $10,000, with interest thereon, into the court. In the meantime, the firm of Salinger & Korte was dissolved; complainant, B. I. Salinger, succeeding to the rights of the partnership. After the employment of Salinger & Korte by Boynton, Salinger & Korte employed the firm of Baldwin & Wright to assist them in the trial of the case, agreeing to pay Baldwin & Wright a sum contingent upon their success in the case. A disagreement arose between Salinger and Boynton as to whether or not the contract above set forth covered the attorney's fees on appeal to this court and in the Supreme Court; Salinger claiming that the contract in question simply covered compensation for the case in the Circuit Court before Judge McPherson, and that he was entitled to receive, in addition to the compensation provided for in the contract, the sum of $3,000, for his services on appeal to this court and the Supreme Court, and this action was brought to enforce his lien upon the moneys which had been paid in by the railroad company to the clerk of the court. The trial court found that the compensation provided for in the contract in question was for all services which Salinger rendered, not only in the trial court, but upon appeal, and denied his claim for extra compensation on the appeal. The trial court also found that Baldwin & Wright were entitled to the sum of $1,000,

one-half of which was to be paid by Salinger, and the remaining half by Boynton. The trial court also found that Salinger had been paid by Boynton, on account of said attorney's fees and expenses incurred by Salinger, the sum of $500. A judgment was rendered in accordance with such findings, from which judgment Salinger has prosecuted an appeal to this court.

[1] We think the contract for attorney's fees unambiguous, and that its recital "In re Boynton v. Mason City & Fort Dodge Ry. Co., pending before Judge McPherson," was simply a designation of the case and the court in which it was then pending; that the agreement to pay as full compensation for all attorney's fees one-half of what Boynton should recover above $5,700 was intended by the parties as full compensation for the services of Salinger & Korte until a final judgment was obtained. Mr. Salinger was an attorney, and consequently familiar with the law which gave the right to have a judgment obtained in the trial court reviewed in this court, and under certain conditions by the Supreme Court, and, had it been intended to limit the compensation to the trial court, he would have so expressed it in drawing the agreement. As before said, the mere statement that the case was pending before Judge McPherson was but a designation of the court in which the case was then pending, and was not a limitation that the services for which compensation was agreed upon was limited to such as would be rendered in the trial court before Judge McPherson.

[2] The evidence clearly discloses, we think, that Salinger & Korte employed the firm of Baldwin & Wright upon their own responsibility, agreeing to give Baldwin & Wright a portion of their contingent fee; that the trial court should have taxed the entire amount of the compensation allowed to Baldwin & Wright to Salinger, and no part to Boynton; but Salinger cannot complain that the court taxed half only of such fee to him. Boynton has not appealed from the judgment assessing one-half of the fee to him.

[3] Again, it is said that Boynton, in his answer, alleged payment to Salinger of $300 only, and the court erred in finding and adjudging that he had paid Salinger $500. The testimony is clear and undisputed that Boynton did pay to Salinger the sum of $500, and, as this was an action brought by Salinger to enforce a lien upon the fund in the hands of the clerk for the amount due him, we think the court was right in allowing him only such sum as was shown by the proofs he was entitled to.

The court below committed no error of which Salinger can complain, and the judgment is affirmed.